UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VOICE DOMAIN TECHNOLOGIES, LLC, | ) |
| Plaintiff, | ) |
| v. | ) Case No. |
| PHILIPS ELECTRONICS NORTH AMERICA, INC. and OLYMPUS CORPORATION OF THE AMERICAS, | ) JURY TRIAL DEMANDED |
| Defendants. | ) |

## COMPLAINT

Voice Domain Technologies, LLC ("Voice Domain"), by its undersigned attorneys, for its complaint against Philips Electronics North America, Inc. ("Philips") and Olympus Corporation of the Americas ("Olympus") alleges as follows:

### JURISDICTION AND VENUE

1. This action arises under the patent laws of the United States and this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

### PARTIES

3. Plaintiff Voice Domain Technologies, LLC is a Connecticut limited liability partnership with its principal place of business at 176 Main Street, Suite 6, Westborough, Massachusetts 01581. Voice Domain is the assignee and owner of

Complaint

United States Patents 5,548,566 ("the '566 patent"); 5,818,800 ("the '800 patent"); and 6,281,883 ("the '883 patent").

4. Upon information and belief, defendant Philips Electronics North America, Inc. is a corporation incorporated in the State of Delaware, headquartered at 1251 Avenue of the Americas, New York, New York 10020, and is registered to do business in the State of Oklahoma. Philips is a wholly-owned subsidiary of Philips Holding U.S.A., Inc. which is a subsidiary of Royal Philips Electronics N.V. Philips Electronics North America, Inc. sells products in the State of Oklahoma and derives substantial revenue from the State of Oklahoma.

5. Upon information and belief, defendant Olympus Corporation of the Americas is a corporation incorporated in the State of New York and headquartered at 3500 Corporate Parkway, Center Valley, Pennsylvania 18304-0610. Olympus Corporation of the Americas is a subsidiary of Olympus USA Incorporated which is a subsidiary of the Japanese corporation, Olympus Corporation. Olympus Corporation of the Americas is licensed to do business in the State of Oklahoma, sells products in the State of Oklahoma and derives substantial revenue from the State of Oklahoma.

**FIRST CLAIM FOR RELIEF**

6. The allegations of paragraphs 1 through 5 are incorporated herein as if fully set forth.

7. The '566 patent was duly issued by the United States Patent Office on August 20, 1996 to Bruce J. Barker and was assigned to Voice Domain.

8. Defendant Philips has, and continues to, willfully infringe the '566 patent pursuant to 35 U.S.C. §§ 271(a), (b) and (c) by the manufacture, importation, sale or offer to sell various models of its voice recorder and dictation products.

9. Defendant Olympus has, and continues to, willfully infringe the '566 patent pursuant to 35 U.S.C. §§ 271(a), (b) and (c) by the manufacture, importation, sale or offer to sell various models of its voice recorder and dictation products.

10. Plaintiff has been and will continue to be irreparably damaged by the infringing acts of the defendants.

## SECOND CLAIM FOR RELIEF

11. The allegations of paragraphs 1 through 5 are incorporated herein as if fully set forth.

12. The '800 patent was duly issued by the United States Patent Office on October 6, 1998 to Bruce J. Barker and was assigned to Voice Domain.

13. Defendant Philips has, and continues to, willfully infringe the '800 patent pursuant to 35 U.S.C. §§ 271(a), (b) and (c) by the manufacture, importation, sale or offer to sell various models of its voice recorder and dictation products.

14. Defendant Olympus has, and continues to, willfully infringe the '800 patent pursuant to 35 U.S.C. §§ 271(a), (b) and (c) by the manufacture, importation, sale or offer to sell various models of its voice recorder and dictation products.

15. Plaintiff has been and will continue to be irreparably damaged by the infringing acts of the defendants.

## **THIRD CLAIM FOR RELIEF**

16. The allegations of paragraphs 1 through 5 are incorporated herein as if fully set forth.

17. The '883 patent was duly issued by the United States Patent Office on August 28, 2001 to Bruce J. Barker and was assigned to Voice Domain.

18. Defendant Philips has, and continues to, willfully infringe the '883 patent pursuant to 35 U.S.C. §§ 271(a), (b) and (c) by the manufacture, importation, sale or offer to sell various models of its voice recorder and dictation products.

19. Plaintiff has been and will continue to be irreparably damaged by the infringing acts of the defendant Philips.

WHEREFORE, plaintiff prays that the Court enter Judgment granting the following relief:

    A.    Adjudge that Philips has infringed the '566, '800 and '883 patents;

    B.    Adjudge that Olympus has infringed the '566 and '800 patents;

    C.    Awarding monetary damages against Philips together with interest as permitted by law;

    D.    Awarding monetary damages against Olympus together with interest as permitted by law;

    E.    Awarding enhanced damages and attorneys' fees against Philips and Olympus for willful infringement;

    F.    Enjoining Philips and its employees and agents from further infringement of the '566, '800 and '833 patents; and

G.  Enjoining Olympus and its employees and agents from further infringement of the '566 and '800 patents.

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by Jury for all issues so triable.

Dated: July 11, 2008

Respectfully submitted,

s/Henry A. Meyer, III
Henry A. Meyer, III OBA # 6163
MEYER, CAVE & LEONARD, PLLC
116 East Sheridan Avenue, Suite 207
Oklahoma City, Oklahoma 73104
Telephone:  (405) 702-9900
Facsimile:   (405) 605-8381
E-Mail: centralmail@meyercave.com

OF COUNSEL:
Alan M. Fisch
KAYE SCHOLER LLP
901 Fifteenth Street N.W.
Washington, DC 20005-2327
(202) 682-3500

Richard G. Greco
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
(212) 836-8500