IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VOICE DOMAIN TECHNOLOGIES, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> PHILIPS ELECTRONICS NORTH AMERICA, INC.; ) <br> and OLYMPUS CORPORATION OF THE AMERICAS, ) <br> ) <br> Defendants. ) | Case No. CIV-08-0701-HE |

**ANSWER TO COMPLAINT AND COUNTERCLAIMS OF
DEFENDANT OLYMPUS CORPORATION OF THE AMERICAS**

Defendant Olympus Corporation of the Americas ("Olympus") hereby answers the Complaint that Plaintiff Voice Domain Technologies, LLC ("Voice Domain") filed with this Court on July 11, 2008. Olympus's answer is based upon its knowledge as to its own activities and upon information and belief as to the activities of others. The numbered paragraphs below correspond to the like-numbered paragraphs of Voice Domain's Complaint.

**JURISDICTION AND VENUE**

1. Olympus admits that the Complaint purports to state a claim for patent infringement arising under the patent laws of the United States. Olympus admits that subject matter jurisdiction is proper under 28 U.S.C. §§ 1331 and 1338. Otherwise, denied.

2. Denied.

## PARTIES

3. Olympus lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies the same.

4. Olympus lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies the same.

5. Olympus admits that it is a New York corporation having a place of business at 3500 Corporate Parkway, Center Valley, Pennsylvania 18304-0610. Olympus denies that Olympus Corporation of the Americas is a subsidiary of Olympus USA Incorporated—rather, Olympus USA Incorporated has been renamed Olympus Corporation of the Americas. Olympus admits that it is a subsidiary of the Japanese corporation, Olympus Corporation. Olympus denies the remaining allegations of this paragraph, but Olympus admits that its operating subsidiary, Olympus Imaging America Inc., sells products and derives revenue from the sale of products throughout the United States, including this district.

## FIRST CLAIM FOR RELIEF

6. Olympus repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 5 above, as if fully set forth herein.

7. Olympus admits that U.S. Patent No. 5,548,566 ("the '566 patent") states on its face that it was issued by the United States Patent Office on August 20, 1996 to Bruce J. Barker. Olympus denies that the '566 patent was duly and legally issued. Olympus lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies the same.

8. Olympus lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies the same.

9. Denied.

10. Denied.

## SECOND CLAIM FOR RELIEF

11. Olympus repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 5 above, as if fully set forth herein.

12. Olympus admits that U.S. Patent No. 5,818,800 ("the '800 patent") states on its face that it was issued by the United States Patent Office on October 6, 1998 to Bruce J. Barker. Olympus denies that the '800 patent was duly and legally issued. Olympus lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies the same.

13. Olympus lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies the same.

14. Denied.

15. Denied.

## THIRD CLAIM FOR RELIEF

16. Olympus repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 5 above, as if fully set forth herein.

17. Olympus admits that U.S. Patent No. 6,281,883 ("the '883 patent") states on its face that it was issued by the United States Patent Office on August 28, 2001 to Bruce J. Barker and was assigned to Voice Domain Technologies, LLC. Olympus denies

that the '883 patent was duly and legally issued. Olympus lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies the same.

18. Olympus lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies the same.

19. Olympus lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies the same.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense – Noninfringement

20. Olympus has not infringed, and does not infringe, any valid, enforceable claim of the '566 patent, either literally or under the doctrine of equivalents.

21. Olympus has not infringed, and does not infringe, any valid, enforceable claim of the '800 patent, either literally or under the doctrine of equivalents.

### Second Affirmative Defense – Invalidity

22. Upon information and belief, the claims of the '566 patent are invalid for failure to comply with one or more of the requirements of 35 U.S.C. § 100 *et seq.*, including, but not limited to, §§ 102, 103, and/or 112.

23. Upon information and belief, the claims of the '800 patent are invalid for failure to comply with one or more of the requirements of 35 U.S.C. § 100 *et seq.*, including, but not limited to, §§ 102, 103, and/or 112.

### Third Affirmative Defense – Laches

24. Voice Domain's claims of infringement are barred by laches.

### Fourth Affirmative Defense – Estoppel

25. Voice Domain's claims of infringement are barred by estoppel.

### Fifth Affirmative Defense – Lack of Standing

26. Upon information and belief, Voice Domain is not the rightful owner of the '566 and '800 patents and therefore lacks standing to assert the claims of the Complaint against Olympus.

### Sixth Affirmative Defense – Prosecution History Estoppel

27. Voice Domain's claims against Olympus are barred by the doctrine of prosecution history estoppel.

### COUNTERCLAIMS

Counterclaim Plaintiff Olympus Corporation of the Americas ("Olympus") hereby asserts the following counterclaims against Counterclaim Defendant Voice Domain Technologies, LLC ("Voice Domain").  The allegations herein are based on Olympus's knowledge as to its own activities, and upon information and belief as to the activities of others.  Accordingly, Olympus claims and avers as follows:

### THE PARTIES

1. Olympus Corporation of the Americas is a New York corporation having a place of business at 3500 Corporate Parkway, Center Valley, Pennsylvania 18304-0610.

2. On information and belief, Voice Domain Technologies, LLC is a Connecticut limited liability partnership, having a principal place of business at 176 Main Street, Suite 6, Westborough, Massachusetts 01581.

## JURISDICTION AND VENUE

3. This is an action for a declaratory judgment of noninfringement and invalidity of U.S. Patent Nos. 5,548,566 ("the '566 patent") and 5,818,800 ("the '800 patent").

4. This Court has subject matter jurisdiction over this declaratory judgment action pursuant to 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

5. By filing the present Complaint, Voice Domain has purposefully availed itself of this Court and is therefore subject to personal jurisdiction in this matter.

6. By filing the present Complaint, Voice Domain has admitted that venue is proper in this judicial district.

## U.S. PATENT NOS. 5,548,566 and 5,818,800

7. Voice Domain claims to be the owner of the '566 and '800 patents and has charged Olympus with infringement of the '566 and '800 patents. Olympus has denied the charge of infringement and has alleged that the '566 and '800 patents are invalid. There is an actual and justiciable controversy between Olympus and Voice Domain with respect to infringement and validity of the '566 and '800 patents.

## FIRST COUNTERCLAIM
## (DECLARATORY JUDGMENT OF NONINFRINGEMENT)

8. Olympus repeats and realleges each and every allegation contained in paragraphs 1-7.

9. Olympus has not and does not infringe any valid, enforceable claim of the '566 patent, either literally or under the doctrine of equivalents.

10. Olympus has not and does not infringe any valid, enforceable claim of the '800 patent, either literally or under the doctrine of equivalents.

## SECOND COUNTERCLAIM
### (DECLARATORY JUDGMENT OF INVALIDITY)

11. Olympus repeats and realleges each and every allegation contained in paragraphs 1-7.

12. Upon information and belief, the claims of the '566 patent are invalid for failure to comply with one or more of the requirements of 35 U.S.C. § 100 *et seq.*, including, but not limited to, §§ 102, 103, and/or 112.

13. Upon information and belief, the claims of the '800 patent are invalid for failure to comply with one or more of the requirements of 35 U.S.C. § 100 *et seq.*, including, but not limited to, §§ 102, 103, and/or 112.

## PRAYER FOR RELIEF

WHEREFORE, Olympus respectfully requests that the Court enter judgment:

(a) Dismissing the Complaint against Olympus in its entirety, with prejudice;

(b) Denying Voice Domain any and all relief for any claim in the Complaint;

(c) Declaring that Olympus has not infringed any claim of the '566 patent;

(d) Declaring that Olympus has not infringed any claim of the '800 patent;

(e) Declaring that each and every claim of the '566 patent is invalid;

(f) Declaring that each and every claim of the '800 patent is invalid;

(g) Declaring that Voice Domain's claims of infringement are barred by laches.

(h) Declaring that Voice Domain's claims of infringement are barred by estoppel.

(i) Declaring that this is an exceptional case under 35 U.S.C. § 285;

(j) Awarding Olympus the costs of this action and its reasonable attorneys' fees to the fullest extent permitted under law; and

(k) Granting Olympus such other and further relief as the Court deems just and proper.

Respectfully submitted,

Date: September 15, 2008

**s/ Rob F. Robertson**
Bar Number: OBA 12455
*Attorneys for Defendant Olympus Corporation of the Americas*
GableGotwals
One Leadership Square, Suite 1500
211 N. Robinson Ave.
Oklahoma City, OK 73102-7101
Telephone:  405.235.5500
Fax:  405.235.2875
E-Mail Address for Service:
rrobertson@gablelaw.com

Of Counsel:
George E. Badenoch
Walter E. Hanley
KENYON & KENYON LLP
One Broadway
New York, NY 10004-1050
Telephone:  (212) 425-7200
Fax:  (212) 425-5288

*Attorneys for Defendant*
Olympus Corporation of the Americas

-9-

## CERTIFICATE OF SERVICE

    I hereby certify that on September 15, 2008, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF Registrants:  Henry A. Meyer, III, Meyer, Cave & Leonard, PLLC; and Richard G. Greco and Alan M. Fisch, Kaye Scholer LLP, *Attorneys for Plaintiff*.

                                                                                   s/ Rob F. Robertson