UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VOICE DOMAIN TECHNOLOGIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> PHILIPS ELECTRONICS NORTH AMERICA, INC. and OLYMPUS CORPORATION OF THE AMERICAS <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) CASE NO. CIV-08-701-HE <br><br><br><br><br><br><br><br> JURY TRIAL DEMANDED |

**PHILIPS ELECTRONICS NORTH AMERICA CORPORATION'S
ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF VOICE DOMAIN TECHNOLOGIES, LLC'S COMPLAINT**

Although the caption of the Complaint identifies Philips Electronics North America, Inc. as a defendant, Philips Electronics North America Corporation ("PENAC") is not aware of any such entity.[1]

PENAC, by and through its attorneys, hereby answers the July 11, 2008 Complaint filed by Plaintiff Voice Domain Technologies, LLC, as follows:

**JURISDICTION AND VENUE**

1. With respect to Paragraph 1 of the Complaint, PENAC admits that the Complaint purports to allege an action for patent infringement under the patent laws of the United States (Title 35 of the United States Code), and that this Court has subject

---

[1] PENAC is responding in accordance with the time period set by Federal Rule of Civil Procedure 4(d).

matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338, to the extent that Plaintiff is able to demonstrate a proper claim for patent infringement.

    2.    With respect to Paragraph 2 of the Complaint, PENAC admits that venue is proper in this judicial district as regards PENAC, although PENAC maintains that there are more convenient forums in which to proceed with this action.  PENAC is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph that are directed to Defendant Olympus Corporation of the Americas, and therefore denies them.

## PARTIES

    3.    PENAC is without sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 3 of the Complaint and therefore denies them.

    4.    With respect to Paragraph 4 of the Complaint, PENAC admits that Philips Electronics North America Corporation is incorporated in the State of Delaware, has a headquarters at 3000 Minuteman Road, Andover, Massachusetts  01810, and is registered to do business in the State of Oklahoma.  PENAC admits that it is a wholly-owned subsidiary of Philips Holding U.S.A., Inc., which is a subsidiary of Koninklijke Philips Electronics N.V.  PENAC admits that its products are sold in the State of Oklahoma and derives revenue from such sales.  PENAC denies the remaining averments in this paragraph.

    5.    With respect to Paragraph 5 of the Complaint, PENAC is without sufficient knowledge or information to form a belief as to the truth of these averments and therefore denies them.

**FIRST CLAIM FOR RELIEF**

6. With respect to Paragraph 6 of the Complaint, PENAC incorporates herein by reference its above responses to Paragraphs 1-5.

7. With respect to Paragraph 7 of the Complaint, PENAC admits that, on its face, U.S. Patent No. 5,548,566 ("the '566 patent") has an issue date of August 20, 1996, and lists Bruce J. Barker as inventor. PENAC denies that the '566 patent was duly issued. PENAC is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph and therefore denies them.

8. PENAC denies each averment in Paragraph 8 of the Complaint.

9. PENAC is without sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 9 of the Complaint and therefore denies them.

10. PENAC denies each averment in Paragraph 10 of the Complaint that is directed to PENAC. PENAC is without sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 10 of the Complaint that are directed to Defendant Olympus Corporation of the Americas, and therefore denies them.

**SECOND CLAIM FOR RELIEF**

11. With respect to Paragraph 11 of the Complaint, PENAC incorporates herein by reference its above responses to Paragraphs 1-5.

12. With respect to Paragraph 12 of the Complaint, PENAC admits that, on its face, U.S. Patent No. 5,818,800 ("the '800 patent") has an issue date of October 6, 1998, and lists Bruce J. Barker as inventor. PENAC denies that the '800 patent was duly

issued.  PENAC is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph and therefore denies them.

      13.     PENAC denies each averment in Paragraph 13 of the Complaint.

      14.     PENAC is without sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 14 of the Complaint and therefore denies them.

      15.     PENAC denies each averment in Paragraph 15 of the Complaint that is directed to PENAC.  PENAC is without sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 15 of the Complaint that are directed to Defendant Olympus Corporation of the Americas, and therefore denies them.

## THIRD CLAIM FOR RELIEF

      16.     With respect to Paragraph 16 of the Complaint, PENAC incorporates herein by reference its above responses to Paragraphs 1-5.

      17.     With respect to Paragraph 17 of the Complaint, PENAC admits that, on its face, U.S. Patent No. 6,281,883 ("the '883 patent") has an issue date of August 28, 2001, lists Bruce J. Barker as inventor, and lists Voice Domain Technologies, LLC, as assignee. PENAC denies that the '883 patent was duly issued.

      18.     PENAC denies each averment in Paragraph 18 of the Complaint.

      19.     PENAC denies each averment in Paragraph 19 of the Complaint.

      20.     PENAC denies that Plaintiff is entitled to any of the relief requested.

      21.     PENAC denies each averment not specifically admitted in this Answer.

## DEFENSES AND AFFIRMATIVE DEFENSES

### First Affirmative Defense

22. PENAC has not infringed and does not infringe, either directly, contributively, or by inducement, any valid and enforceable claim of the '566, '800, or '883 patents (collectively, "the Asserted Patents"), either literally or under the doctrine of equivalents.

### Second Affirmative Defense

23. One or more claims of each of the Asserted Patents is invalid and/or unenforceable for failure to meet the requirements of one or more sections of Title 35, United States Code, and/or Title 37, Code of Federal Regulations, including but not limited to one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

### Third Affirmative Defense

24. Prosecution history estoppel bars Plaintiff from establishing infringement of the Asserted Patents.

### Fourth Affirmative Defense

25. Plaintiff's claims for recovery are barred, in whole or in part, by 35 U.S.C. § 286.

### Fifth Affirmative Defense

26. Plaintiff's claims for recovery are barred, in whole or in part, by 35 U.S.C. § 287.

### Sixth Affirmative Defense

27. Plaintiff does not have standing to assert the '566 and '800 patents.

**Seventh Affirmative Defense**

28. On information and belief, the claims of the '883 patent are unenforceable for inequitable conduct by reason of the Applicant's intentional failure to disclose prior art of which the Applicant had knowledge before the August 28, 2001 issue date of the '883 patent, and which the Applicant knew to be material to patentability of the '883 patent.

29. Specifically, the common Applicant for the '800 and '883 patents failed to disclose U.S. Patent No. 5,444,768 ("the '768 patent") to the Examiner of the application for the '883 patent, even though this reference was cited during prosecution of the previously-issued '800 patent by the same Applicant before a different Examiner. Consequently, the '768 patent was not considered by the PTO during prosecution of the application that issued as the '883 patent.

30. The common Applicant for the '800 and '883 patents cited the '768 patent as material to the patentability of the '800 patent. '800 Patent File History, Paper No. 7, at 3.

31. The '768 patent is material prior art to the patentability of the claims of the '883 patent, for at least the reasons that the '768 patent discloses the use of voice commands in a voice data entry system, which is claimed in claim 1 of the '883 patent.

32. Upon information and belief, the Applicant knowingly and willfully withheld the '768 patent from the Examiner of the application for the '883 patent, with the intent to deceive the PTO.

## REQUEST FOR RELIEF

WHEREFORE, PENAC respectfully requests the following relief:

A. That Plaintiff's Complaint be dismissed with prejudice, and that Plaintiff recover nothing from PENAC;

B. That a judgment be entered declaring that the Asserted Patents are invalid and/or unenforceable;

C. That a judgment be entered declaring that the Asserted Patents have not been infringed by PENAC either literally or under the doctrine of equivalents, and further declaring that PENAC has not induced others to infringe and has not contributed to any infringement of the Asserted Patents, either literally or under the doctrine of equivalents;

D. That PENAC be awarded its costs and disbursements in this action;

E. That this case be declared as exceptional pursuant to 35 U.S.C. § 285 and that PENAC be awarded its reasonable attorney's fees in this action; and

F. That PENAC be granted such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

PENAC requests a trial by Jury for all issues so triable.

Respectfully submitted this 15th day of September, 2008.

s/ *John A. Kenney*
John A. Kenney, OBA #4976
Charles L. McLawhorn, III, OBA #19523
McAfee & Taft A Professional Corporation
10th Floor, Two Leadership Square
211 North Robinson
Oklahoma City, OK  73102-7103
Telephone:    (405) 235-9621
Facsimile:     (405) 235-0439
Email:  john.kenney@mcafeetaft.com
Email:  chad.mclawhorn@mcafeetaft.com

Frank A. De Costa, III
Elizabeth A. Niemeyer
Finnegan, Henderson, Farabow,
  Garrett & Dunner, LLP
901 New York Avenue, NW
Washington, DC 20001-4413
Tel: (202) 408-4000
Fax: (202) 408-4400
frank.decosta@finnegan.com
elizabeth.niemeyer@finnegan.com
*Pro Hac Admissions pending*

John Mulcahy
Finnegan, Henderson, Farabow,
  Garrett & Dunner, LLP
Two Freedom Square
11955 Freedom Drive
Reston, VA  20190
Tel: (571) 203-2751
Fax: (202) 408-4400
john.mulcahy@finnegan.com
*Pro Hac Admission pending*

**ATTORNEYS FOR PHILIPS ELECTRONIC NORTH AMERICA CORP.**

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 15th day of September, 2008, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

      Henry A Meyer, III
      Meyer Cave and Leonard PLLC
      116 E Sheridan, Suite 207
      Oklahoma City, Oklahoma 73104
      Email: hameyer@meyercave.com

      I hereby certify that on this 15th day of September, 2008, I served the attached document by first class mail postage prepaid on the following, who are not registered participants of the ECF System:

      Alan M. Fisch
      Richard G Greco
      Kaye Scholer LLP
      425 Park Ave
      New York, New York 10022

      *s/John A. Kenney*
      John A. Kenney